**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMONT ZAMICHIELI** | : | **CIVIL ACTION NO. 3:21-1246** |
| **Plaintiff** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **BETTY LOU MIHAL, *et al*.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I. Background

Plaintiff, Lamont Zamichieli, an inmate currently confined at the Phoenix State Correctional Institution, Collegeville, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Plaintiff complains of events which occurred at his prior place of confinement, SCI-Camp Hill. Id. He names as Defendants various Department of Corrections employees, Pennsylvania State Trooper Nate Bronescwiski and Cumberland County. Id.

On November 15, 2021, the Commonwealth Defendants filed an answer. (Doc. 31).[1]

---

[1] Plaintiff has directed two motions for default judgment against Defendant for the filing of their answer twenty-seven days after its October

*(footnote continued on next page)*

Presently before the Court is a motion to dismiss, filed on behalf of Defendant Cumberland County. (Doc. 18). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant the motion to dismiss.

## II. Rule 12(b)(6) Standard

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty

---

19, 2021 due date. (Docs. 29, 35). In light of the lack of prejudice to Plaintiff and the Court's significant interest in deciding cases on the merits, the court declines to enter default judgment in favor Plaintiff and will deny the motions. See Hill v. Williamsport Police Dep't, 69 F.App'x 49, 51 (3d Cir. 2003) ("Our Court 'does not favor entry of defaults or default judgments', ... as it prefers adjudications on the merits."); United States v. $55,518.05 in United States Currency, 728 F.2d 192, 194–95 (3d Cir. 1984) (stating the court's preference for deciding cases on the merits over default judgment); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 2004)("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged

when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. Discussion

Plaintiff's only allegations against Defendant, Cumberland County is that they knew of the practice, policies, and customs at SCI-Camp Hill regarding excessive force and sexual assaults. (Doc. 1). Defendant seeks dismissal based on Plaintiff's failure to allege sufficient facts to state a viable municipal liability claim. (Doc. 19 at 3-6). The Court agrees.

A municipality or other local government entity may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a

deprivation." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). A municipal entity cannot be held vicariously liable under Section 1983 for constitutional violations perpetrated by its agents or employees. Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007). Rather, municipal liability is limited to those actions for which the municipality itself is actually responsible. Pembaur, 475 U.S. at 479. Liability attaches when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S 658, 694 (1978). That is, the municipality is subject to liability in a Section 1983 action only to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by Plaintiff. This requires "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

A municipal policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." Id. A custom "is an act 'that has not been formally approved by an appropriate decision maker,' but is 'so widespread as to have the force of law.' " Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bd.

of the Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997)). To recover against a municipality under Section 1983, a plaintiff must "identify the challenged [custom or] policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy [or custom] and the injury suffered." Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 910 (3d Cir. 1984) (citation omitted).

Here, the Court finds that Plaintiff's complaint wholly fails to satisfy the exacting standard of pleading that would give rise to a municipal liability claim under Section 1983. Absent from the complaint are any factual allegations specifying any relevant policy or custom attributable to Cumberland County that purportedly caused the constitutional violation. McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was."). Equally fatal, Plaintiff does not offer any factual allegations from which a reasonable inference could be made of a plausible nexus between the policy or custom implemented or executed by a responsible municipal decision maker and the constitutional deprivation suffered by Plaintiff. As Plaintiff has failed to plead the minimum facts needed to state a viable municipal liability claim, the Court will dismiss Plaintiff's Section 1983 claim against Cumberland County. However, Plaintiff will be

permitted an opportunity to amend his operative pleading to allege sufficient facts that identify the challenged policy or custom, attribute it to the municipality itself, and establish a causal link between the policy or custom and the constitutional injury alleged.

Moreover, although not named as a Defendant in the caption of Plaintiff's complaint, Plaintiff references the Cumberland District Attorney's as having filed false charges against him. (Doc. 1). To the extent that Plaintiff seeks to name the Cumberland District Attorney as a Defendant, the Court notes that this entity is not a "person" amenable to suit under Section 1983. Rather, this entity is merely an administrative arm of its respective municipality, namely Cumberland County. Indeed, it is well established that this entity has no independent legal existence from the municipality they serve and thus, is not subject to suit in a Section 1983 civil rights action. Briggs v. Moore, 251 Fed.Appx. 77, 79 (3d Cir. 2007) (affirming the dismissal of a Section 1983 suit against the Monmouth County District Attorney's Office because it "is not a separate entity that can be sued under §1983"); Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997) (affirming district court's entry of summary judgment in favor of the Bucks County District Attorney's Office because it "is not an entity for purposes of §1983 liability"); Martin v. Red Lion Police Dep't., 146 Fed.Appx. 558, 562 n.3 (3d Cir. 2005) ("[T]he

Red Lion Police Department, as the sub-division of defendant Red Lion Borough through which the Red Lion Borough fulfills its policing functions, was not a proper defendant in an action pursuant to 42 U.S.C. §1983.").

Accordingly, the Court will dismiss Plaintiff's claims against Cumberland County without prejudice to the Plaintiff amending his pleading to assert a proper municipal liability claim against this Defendant.

## IV. Conclusion

For the above stated reasons, the Court will grant Cumberland County's motion to dismiss. However, Zamichieli will be afforded the opportunity to amend his complaint with respect to municipal liability against Cumberland County.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 15, 2022**
21-1246-01